```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

```
JUDY HUNTER, ET AL.             §
                                §
VS.                             §    ACTION NO. 4:14-CV-663-Y
                                §
BERKSHIRE HATHAWAY, INC.        §
```

<u>ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT</u>

Pending before the Court is the Unopposed Motion for Preliminary Approval of Class-Action Settlement ("the Preliminary Motion")(doc. 130). After review of the motion and the parties' Class-Action Settlement Agreement submitted therewith, the Court concludes that the motion should be and hereby is GRANTED.

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), and the terms of the Acme Brick Company Pension Plan ("the Pension Plan") and the Acme Brick Company 401(k) Plan ("the 401(k) Plan") (collectively, "the Plans"), as set forth in Plaintiffs' Amended Complaint ("the Complaint") dated October 5, 2016 (doc. 50).[1]

Presented to the Court for preliminary approval is a settlement of the action ("the Settlement"). The terms of the Settlement are set forth in the Class-Action Settlement Agreement executed by counsel

---

[1] This order incorporates by reference the definitions in the Class-Action Settlement Agreement attached as exhibit 1 to Plaintiffs' motion (doc. 130), and all terms used herein shall have the same meanings as set forth in that agreement unless set forth differently herein. The terms of the agreement are fully incorporated in this order as if set forth fully herein.

on November 27, 2019, on behalf of all of the plaintiffs and the defendant ("the Parties").  Plaintiffs have filed their preliminary motion, pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminary the proposed settlement classes, authorize the dissemination of class notice to the settlement class members, and set a date and time for a final approval hearing.  After review, the Court ORDERS as follows:

 1. <u>Amendment of Complaint to Reinstate Class Allegations</u>.  The Court finds that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("the Rules"), Defendant has agreed in writing to the amendment of the Complaint to reinstate the class allegations dismissed by the Court's order dated January 23, 2019 (doc. 93), and to permit Plaintiffs to proceed as a class under Rule 23, and the Court so orders.

 2. <u>Class Findings</u>.  The Court preliminarily finds that the requirements of the Rules, the United States Constitution, and any other applicable rules or law have been met as to the "Settlement Classes" defined below.

 3. <u>Pension-Plan Settlement Class</u>.

  a.  The Court preliminarily finds that a class ("the Pension-Plan Settlement Class") is ascertainable from records kept with respect to the plan and from other objective criteria, and the Pension-Plan Settlement Class members are so numerous that their joinder before the Court would be impracticable.  The Court therefore concludes that

Rule 23(a)(1) is satisfied.

b. The Court preliminarily finds that there are one or more questions of fact and/or law common to the pension-plan settlement class. Thus, Rule 23(a)(2) is satisfied.

c. The Court preliminarily finds that the claims of Judy Hunter and Anita Gray (each a "Pension-Plan Plaintiff" or "Named Pension-Plan Plaintiff") are typical of the claims of the Pension-Plan Settlement Class. Consequently, Rule 23(a)(3) is satisfied.

d. The Court preliminarily finds that the Named Pension-Plan Plaintiffs will fairly and adequately protect the interests of the Pension-Plan Settlement Class in that: (i) the Named Pension-Plan Plaintiffs' interests and the nature of claims alleged are consistent with those of Pension-Plan Settlement-Class members; (ii) there appear to be no conflicts between or among the Named Pension-Plan Plaintiffs and the Settlement Class; and (iii) the Named Pension-Plan Plaintiffs and the Pension-Plan Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions. The Court concludes that Rule 23(a)(4) is satisfied.

e. The Court preliminarily finds that the prosecution of separate actions by individual members of the Pension-Plan Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual Pension-Plan

Settlement Class members that would establish incompatible standards of conduct for Defendant; or (ii) adjudications as to individual Pension-Plan Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impede those persons' ability to protect their interests. Accordingly, Rule 23(b)(1) is satisfied.

(f) Alternatively, the Court concludes that the prerequisites of Rule 23(b)(2) have been satisfied, since the Pension-Plan Plaintiffs allege that Defendant has acted or refused to act on grounds generally applicable to the Pension-Plan Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pension-Plan Settlement Class as a whole.

(g) The Court preliminarily finds that Keller Rohrback L.L.P. ("Class Counsel") is capable of fairly and adequately representing the interests of the Pension-Plan Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the action, litigating the claims in this Court and on appeal, and participating in a more than three-month-long mediation process. Class Counsel is experienced in handling class actions, other complex litigation, and claims of the type asserted in this action. Class Counsel is knowledgeable

about the applicable law and has committed the necessary resources to represent the Pension-Plan Settlement Class. Thus, Rule 23(g) is satisfied.

4. <u>401(k)-Plan Settlement Class</u>.

(a) The Court preliminarily finds that the 401(k)-Plan Settlement Class is ascertainable from records kept with respect to the plan and from other objective criteria, and the 401(k)-Plan Settlement Class members are so numerous that their joinder before the Court would be impracticable. The Court holds that Rule 23(a)(1) is satisfied.

b. The Court preliminarily finds that there are one or more questions of fact and/or law common to the 401(k)-Plan Settlement Class. Therefore, Rule 23(a)(2) is satisfied.

c. The Court preliminarily finds that the claims of Judy Hunter, Anita Gray, and Bobby Lynn Allen (each a "401(k)-Plan Plaintiff" or "Named 401(k)-Plan Plaintiff") are typical of the claims of the 401(k)-Plan Settlement Class. So Rule 23(a)(3) is satisfied.

d. The Court preliminarily finds that the Named 401(k)-Plan Plaintiffs will fairly and adequately protect the interests of the 401(k)-Plan Settlement Class in that: (i) the Named 401(k)-Plan Plaintiffs' interests and the nature of claims alleged are consistent with those of 401(k)-Plan Settlement Class members; (ii) there appear to be no conflicts between or among the Named 401(k)-Plan Plaintiffs

and the settlement class; and (iii) the Named 401(k)-Plan Plaintiffs and the 401(k)-Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.  Accordingly, Rule 23(a)(4) is satisfied.

e.  The Court preliminarily finds that the prosecution of separate actions by individual members of the 401(k)-Plan Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual 401(k)-Plan Settlement Class members that would establish incompatible standards of conduct for Defendant; or (ii) adjudications as to individual 401(k)-Plan Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impede those persons' ability to protect their interests.  The Court concludes that Rule 23(b)(1) is satisfied.

(f) Alternatively, the Court holds that the prerequisites of Rule 23(b)(2) have been satisfied since the 401(k)-Plan Plaintiffs allege that Defendant has acted or refused to act on grounds generally applicable to the 401(k)-Plan Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the 401(k)-Plan Settlement Class as a whole.

(g) The Court preliminarily finds that Keller Rohrback

L.L.P. ("Class Counsel") is capable of fairly and adequately representing the interests of the 401(k)-Plan Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the action, litigating the claims in this Court and on appeal, and participating in a more than three-month-long mediation process. Class Counsel is experienced in handling class actions, other complex litigation, and claims of the type asserted in this action. Class Counsel is knowledgeable about the applicable law and has committed the necessary resources to represent the 401(k)-Plan Settlement Class. Thus, Rule 23(g) is satisfied.

5. Conflict Between Settlement Classes. The Court finds and concludes that there is no conflict of interest between the interests of the 401(k)- Plan Settlement Class and the Pension-Plan Settlement Class.

6. Class Certification. Based on the findings set forth above, the Court preliminarily certifies the following Settlement Classes under Federal Rules of Civil Procedure 23(b)(1) and/or (b)(2) and 23(e):

a. The Pension-Plan Settlement Class: All participants and former participants in the Acme Brick Company Pension Plan who were employed by Acme on October 4, 2014, together with their respective beneficiaries.

b. The 401(k)-Plan Settlement Class: All participants and former participants in the Acme Brick Company 401(k)

Retirement and Savings Plan who contributed to an account with the 401(k) Plan at any time between January 1, 2010, and December 31, 2013, together with their respective beneficiaries.  Excluded from the 401(k) Settlement Class are participants and former participants for whom the employer's matching contribution between January 1, 2010, and December 31, 2013, was established by a collective-bargaining agreement.

7. The Court preliminarily appoints named plaintiffs Judy Hunter and Anita Gray as the class representatives for the Pension-Plan Settlement Class.

8.  The Court preliminarily appoints named plaintiffs Judy Hunter, Anita Gray, and Bobby Lynn Allen as the class representatives for the 401(k)-Plan Settlement Class. `

9. The Court preliminarily appoints Keller Rohrback L.L.P. as Class Counsel for both settlement classes.

10. <u>Preliminary Findings Regarding Proposed Settlement</u>.  The Court preliminarily finds that:

    a.   The proposed settlement resulted from informed, extensive arms'-length negotiations that took place over more than three months and were facilitated by a third-party mediator, Robert Meyer, Esq. of JAMS;

    b.   Class Counsel has concluded that the proposed settlement is fair, reasonable and adequate; and

    c.   The proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the

settlement to the settlement classes.

11. <u>Final Approval Hearing</u>. A hearing is scheduled for **10:30 a.m.** on **Wednesday, May 13, 2020**, CST, to determine, among other things:

    a. Whether the Settlement should be approved as fair, reasonable, and adequate;

    b. Whether the Complaint should be dismissed with prejudice pursuant to the terms of the settlement agreement;

    c. Whether the notice to the settlement classes provided for by the settlement agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, their right to object to the settlement, and their right to appear at the final approval hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Rules and any other applicable law;

    d. Whether Class Counsel adequately represented the settlement classes for purpose of entering into and implementing the settlement agreement;

    e. Whether the application for payment of attorneys' fees and expenses to Class Counsel and for case contribution awards to named plaintiffs should be approved; and

   f. Whether any case contribution award approved by the Court shall be paid out of the settlement consideration to the 401(k) settlement class.

 12. <u>Class Notice Program</u>.  The proposed program for class notice ("the Class-Notice Program") consists of (a) a mailed notice ("Class Notice," attached as exhibit 2 to Plaintiffs' preliminary motion), sent to the last-known address of settlement class members who are or were participants in the plans and to the designated beneficiaries of any deceased settlement class members; and (b) an internet publication of the settlement agreement and Class Notice and other case-related documents at www.kellersettlements.com.  With respect to such Class-Notice Program, the Court finds that such Class Notice fairly and adequately:

   a. Describes the terms and effect of the settlement agreement;

   b. Notifies the settlement classes that Class Counsel's attorneys' fees and expenses will be paid according to Section 6.1.4 of the settlement agreement;

   c. Notifies the settlement classes that named plaintiffs will seek case contribution awards to be paid from the settlement consideration to the 401(k) settlement class;

   d. Gives notice to the settlement classes of the time and place of the final approval hearing;

   e. Advises settlement class members that they do not have the right to opt out of the settlement classes;

   f. Advises settlement class members of the binding effect

of a judgment on the settlement class members; and

g. Describes how the recipients of the Class Notice may object to any of the relief requested.

13. <u>Deadlines</u>.  The Court directs that:

a. No later than **February 24, 2020**, the Class Notice, with such nonsubstantive modifications thereto as may be agreed upon by the Parties, shall be sent to each settlement class member who can be identified by the Plan's current record-keeper.  Such notice shall be in a form that the Parties have deemed to be cost effective, and shall be sent to the last-known address for the settlement class members. Defendant will pay the cost for notice to the settlement classes as part of the settlement administration.

b. No later than **February 24, 2020**, Class Counsel shall cause the settlement agreement and the Class Notice to be published on the websites identified in the Class Notice.

c. At or before the final approval hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice Program mailing and publication requirements.

d. By no later than **March 9, 2020**, Class Counsel shall file a motion for final approval of the Settlement, attorneys' fees and expenses, and case contribution awards to the named plaintiffs.

e. By no later than **April 13, 2020**, counsel for Defendant shall file any response in opposition to the motion for

attorneys' fees and expenses and/or for case contribution awards to the named plaintiffs.

f. No later than **May 1, 2020**, Class Counsel shall file a reply in support of the motion for final approval of the Settlement, attorneys' fees and expenses, and case contribution awards to the named plaintiffs. The parties must also respond to any comments or objections to the Settlement by this date.

14. <u>Objections to Settlement</u>. Any settlement class member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the settlement agreement, to the application for payment of attorneys' fees and expenses, or to the application for case contribution awards for the named plaintiffs, must timely file his or her objection in writing no later than **April 13, 2020**. All written objections and supporting papers must: (a) clearly identify at the top of the document the case style and number (*Hunter v. Berkshire Hathaway, Inc.*, No. 4:14-CV-663-Y); (b) be filed with the clerk either in person or by mail to Clerk, United States District Court for the Northern District of Texas, 501 West 10th Street, Room 310, Fort Worth TX 76102-3673; (c) set forth the objector's full name, current address, and telephone number; (d) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) set forth a statement of the position the objector wishes to assert, including, with specificity, the factual and legal grounds for that position; (f) set forth the names and a summary of testimony of any witnesses that

the objector might want to call in connection with the objection; (g) provide copies of all documents that the objector wishes to submit in support of the objection; (h) provide the name, address, and phone number of any attorney representing the objector; and (i) include the objector's signature. **Any settlement class member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement. Untimely objections will not be considered.** If an objector hires an attorney to represent him or her for purposes of making an objection pursuant to this paragraph, that attorney shall file a notice of appearance with the clerk of the Court and serve a copy of that Notice on counsel of record no later than **April 13, 2020.**

    15.  <u>Appearance at Final Approval Hearing</u>. Any objector who files and serves a timely, written objection in accordance with the preceding paragraph may also appear at the final approval hearing, either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the final approval hearing must file a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) with the clerk of the Court no later than **April 13, 2020**. Any objector who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the final approval hearing except for good cause shown.

    16.  <u>Class Notice Expenses</u>. The expenses of the Class Notice

required hereby shall be paid by Defendant as provided in Section 2.2.3 of the Settlement Agreement.

17. <u>Service of Papers</u>. Defendant's representatives and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession by any means other than filing with the Court.

18. <u>Termination of Settlement</u>. This order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this order, if the Settlement is terminated in accordance with the settlement agreement. In such event, Article 7 of the Settlement Agreement shall govern the rights of the Parties.

19. <u>Use of Order</u>. In the event this order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants, Named Plaintiffs, or the Settlement Class.

20. <u>Continuance of Hearing</u>. The Court may continue the final approval hearing without further written notice.

SIGNED January 28, 2020.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE