IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUDY HUNTER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>BERKSHIRE HATHAWAY INC.,<br><br>    Defendant. | **No. 4:14-CV-663-Y**<br><br>**FINAL ORDER AND JUDGMENT** |

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., and the terms of the Acme Brick Company Pension Plan ("the Pension Plan") and the Acme Brick Company 401(k) Plan ("the 401(k) Plan") (the Pension Plan and the 401(k) Plan together are referred to as "the Plans") set forth in Plaintiffs' Amended Complaint ("Complaint") dated October 5, 2016 (ECF No. 50).[1] The parties entered into a Class Action Settlement Agreement dated November 27, 2019 (the "Settlement Agreement"), which was filed on December 30, 2019 (ECF No. 132).

The Court previously entered an Order Granting Motion for Preliminary Approval of Settlement ("Preliminary Approval Order") dated January 28, 2020 (ECF No. 133), preliminarily certifying the putative classes in this action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Final Approval Hearing for May 13, 2020, at 10:30 a.m. CST, and providing Settlement Class Members with an opportunity to object to the proposed Settlement.

---

[1] This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Final Order and Judgment as if set forth fully herein.

This Court held a Final Approval Hearing on May 13, 2020, at 10:30 a.m. CST, to determine whether to give final approval to the proposed Settlement.

Due and adequate notice having been given to the Settlement Classes as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Settlement Class Members.

2. The classes this Court previously certified preliminarily in its Preliminary Approval Order are hereby finally certified for settlement purposes under Federal Rule of Civil Procedure ("Rule") 23(b)(1) and/or (b)(2). The Settlement Classes are defined as follows:

> i. The Pension Plan Settlement Class consists of all participants and former participants in the Acme Brick Company Pension Plan who were employed by Acme on October 4, 2014, together with their respective beneficiaries.
>
> ii. The 401(k) Plan Settlement Class consists of all participants and former participants in the Acme Brick Company 401(k) Retirement and Savings Plan who contributed to an account with the 401(k) Plan at any time between January 1, 2010, and December 31, 2013, together with their respective beneficiaries. Excluded from the 401(k) Settlement Class are participants and former participants for whom the employer's matching contribution between January 1, 2010, and December 31, 2013, was established by a collective bargaining agreement.

3. The Court finds that each of the Pension Plan Settlement Class and the 401(k) Settlement Class meets all requirements of Rule 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, because the prosecution of separate actions by individual Settlement Class Members would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class Members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, because Defendant has acted or refused to act on grounds generally applicable to each Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Rule 23(a), the Court finds that plaintiffs Judy Hunter and Anita Gray are Pension Plan Settlement Class Members, their claims are typical of those of the Pension Plan Settlement Class, and they fairly and adequately protected the interests of the Pension Plan Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Judy Hunter and Anita Gray as Pension Plan Settlement Class representatives.

7. Pursuant to Rule 23(a), the Court finds that plaintiffs Judy Hunter, Anita Gray and Bobby Lynn Allen are 401(k) Settlement Class Members, their claims are typical of those of the 401(k) Plan Settlement Class, and they fairly and adequately protected the interests of the 401(k) Plan Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Judy Hunter, Anita Gray and Bobby Lynn Allen as 401(k) Plan Settlement Class representatives.

8. Having considered the factors set forth in Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P. as Class Counsel to represent the Settlement Class Members.

9. The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

10. The Court directed that Class Notice be given pursuant to the Class Notice Program proposed by the parties and approved by the Court. All requirements of the Class Notice Program have been satisfied.

11. The Class Notice advised Settlement Class Members of: the terms of the Settlement; the Final Approval Hearing and the right to appear at such Final Approval Hearing; the inability to opt out of the Settlement Class; the right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses; the procedures for exercising such rights; and the binding effect of this Final Order and Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the releases provided for in Section 3.2 of the Settlement Agreement.

12. The Class Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that the Class Notice Program approved by the Court complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that it constituted the best practicable notice under the circumstances.  The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of the pendency of the Action; the claims, issues and defenses of the Settlement Classes; the definition of the Settlement Classes certified; the right to object to the proposed Settlement; the right to appear at the Final Approval Hearing, through counsel if desired; and the binding effect of a judgment on members of the Settlement Classes, including the scope of the releases provided for in Section 3.2 of the Settlement Agreement.

13. The Court finds after the Final Approval Hearing, and based upon all submissions of the parties and interested persons, that the parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

  a) The Settlement provides for significant benefit to the Plans and provides substantial financial benefits to the Settlement Classes.

      b)    The terms and provisions of the Settlement were entered into by parties represented by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third-party mediator, Robert Meyer, Esq., of JAMS. The Settlement is not the result of collusion.

      c)    The negotiations were supported by a robust investigation before commencement of the action; review of correspondence, financial statements, corporate records, and other documents publicly available and/or produced by Defendants during discovery; the production and review of confidential documents protected by Federal Rule of Evidence 408 during discovery; the production and review of confidential mediation-privileged documents during mediation; extensive motion practice in this action; and appellate proceedings in the Fifth Circuit Court of Appeals.

      d)    Approval of the Settlement will result in substantial savings of time, money, and effort for the Court and the parties and will further the interests of justice. Defendant denied and continues to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this action.

Accordingly, the Settlement shall be and hereby is approved and is given binding effect.

14.    All Settlement Class Members are bound by this Final Order and Judgment and by the terms of the Settlement, including the scope of the releases provided for in Section 3.2 of the Settlement Agreement.

15.    This Settlement, this Final Order and Judgment, and/or the fact of Settlement does not constitute an admission by any of the parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission by any party of any fact, matter, or position of law; and all parties shall stand in the same

procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16. It is further ordered that, pursuant to Sections 3.1 and 3.2 of the Settlement Agreement, upon the Effective Date of Settlement, Named Plaintiffs on behalf of themselves and on behalf of the Settlement Classes and their respective heirs, successors, assigns and beneficiaries, absolutely and unconditionally release and forever discharge Berkshire Hathaway Inc. and each of its current or former subsidiaries and affiliates, and their respective employees, agents, directors, officers, members, insurers, legal representatives and successors, of and from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs, whether asserted or unasserted, whether known or unknown, that arise out of or are related to the allegations of the Complaint (including without limitation any contention that Defendant or Acme was prohibited from reducing, ceasing or freezing, or from causing the reduction, cessation or freeze of, the accrual of benefits under the Pension Plan or the employer matching of contributions under the 401(k) Plan) that were brought or that could have been brought as of the date of the Settlement Agreement by any member of the Settlement Classes, except that Released Claims are not intended to include the release of any of the following:

   i. Any rights or duties expressly arising out of the Settlement Agreement, including any express warranties and covenants in the Settlement Agreement;

   ii. Any claims made under the Plans for individual benefits.

17. It is further ordered that, pursuant to Section 3.3 of the Settlement Agreement, upon the Effective Date of Settlement, Berkshire Hathaway Inc., for itself and on behalf of each of its current or former subsidiaries and affiliates, and their respective employees, agents, directors, officers, members, insurers, legal representatives and successors, and their respective heirs, successors, assigns and beneficiaries, absolutely and unconditionally releases and forever discharges the Named Plaintiffs, each of the Settlement Classes and Plaintiffs' Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs, whether asserted or unasserted, whether known or unknown, that arise out of or are related to the allegations of the Complaint (including without limitation claims relating in any way to the institution or prosecution of

the action) that were brought or that could have been brought as of the date of the Settlement Agreement by any of Berkshire Hathaway Inc., its current or former subsidiaries and affiliates, and their respective employees, agents, directors, officers, members, insurers, legal representatives and successors.

18. The Court retains jurisdiction over the implementation, administration, and enforcement of this Final Order and Judgment and the Settlement and all matters ancillary thereto.

19. The Court hereby dismisses with prejudice the action without costs to any of the parties as against the others, except to the extent any costs are included in the Court's award of expenses in its separate order on Plaintiffs' Counsel's request for approval of fees and expenses.

20. The Court finds that no reason exists for delay in ordering final judgment, and the clerk is hereby directed to enter this Judgment forthwith.

SIGNED May 13, 2020.

_____
Terry R. Means
United States District Court Judge